RICHARD MONAHAN, Petitioner, v. BEN B. STEWART, Warden Missouri State Penitentiary, Respondent.—No. 41332.—217 S. W. (2d) 494.

Court en Banc, January 24, 1949.

Gordon Weir, Assistant Attorney General, for respondent.

[494] CLARK, J.—Habeas Corpus. Petitioner is confined in the state penitentiary under two separate commitments issued on January 6, 1933, by the criminal division of the circuit court of Jackson County then presided over by Honorable Thomas J. Seehorn, a judge of that court. The commitments were issued in pursuance to judgments and sentences rendered in two cases bearing the circuit court numbers of C. 14687 and C. 14688. In each case an indictment charged petitioner with robbery in the first degree with a dangerous and deadly weapon; also charged that he had been convicted of murder in the first degree on July 13, 1918, and sentenced to life imprisonment and had been discharged from that sentence on July 6, 1931. The record in

each of the robbery cases shows that petitioner appeared in person and by attorney, was duly arraigned, entered a plea of guilty and received a sentence to imprisonment for life.

In November, 1948, petitioner obtained a writ of habeas corpus in this court. [Our number 41249.] Evidence was heard from which it appeared that petitioner was on parole from the murder charge when he entered pleas of guilty to the robbery charges, and that thereafter his parole was revoked. After hearing the evidence we made a finding that petitioner was seventeen years of age when he entered a plea of guilty to the charge of murder; that he was not then represented by counsel, was not advised of his rights and did not waive his right to counsel. [495] Accordingly we issued our order remanding petitioner to the circuit court of Jackson County for further proceedings. Upon his production in that court the murder charge was dismissed and petitioner was returned to the penitentiary to continue serving the two sentences for robbery. Thereafter he brought the instant suit [Our number 41332] praying to be released from the custody of the respondent warden and relieved from further serving time under the robbery sentences.

 Our ruling in case No. 41249, that the conviction of petitioner for murder was invalid, removed the basis for later charging him with robbery as a habitual criminal. Although the circuit court could not then have known it, when petitioner entered his pleas to the robbery charges he did so as a first offender. Had the circuit court then known that the habitual criminal act did not apply, it could have exercised discretion to impose lesser sentences than for life, although it would not have been compelled to do so. Under Section 4453 [all mention of statutes refer to Revised Statutes Missouri, 1939, and Mo. R. S. A.] the sentence for a first offense could have been assessed at imprisonment for not less than ten years without any limitation as to maximum sentence; while under the habitual criminal act, Section 4854, conviction of the charges in the robbery cases authorized no sentence for less than life.

Each indictment charged petitioner with the commission of robbery in the first degree with a dangerous and deadly weapon and to that charge he entered a plea of guilty in each case. Inclusion in the indictments of the statement that he had been previously convicted of murder did not charge a different crime. That statement, if proved, could only affect the punishment to be imposed. Under circumstances for which it cannot be blamed, the circuit court erroneously imposed sentence under Section 4854, instead of Section 4453, but that does not alter the fact that petitioner has pleaded guilty to the charges contained in the indictments.

 We cannot act under Section 1660 which authorizes us to correct an erroneous sentence as to time or place. There is no error as to place of punishment and we cannot say there is error as to time; for

we cannot assume that the circuit court would have imposed a lesser punishment had it been aware that it could do so. The circuit court has jurisdiction, by nunc pro tunc entry, to sentence the petitioner on each charge to imprisonment in the penitentiary for a term of not less than ten years upon his pleas of guilty heretofore entered. It also has discretion and jurisdiction to determine whether petitioner shall be permitted to withdraw his pleas of guilty and be granted new trials. [State v. Reynolds, 355 Mo. 1013, 199 S. W. (2d) 399; State v. Kellar, 332 Mo. 62, 55 S. W. (2d) 969 and cases cited.]

It is hereby ordered that the petitioner, Richard Monahan, be and he is hereby remanded to the custody of the Sheriff of Jackson County, Missouri; and that the Marshal of this court receive said Richard Monahan from the warden of the state penitentiary and deliver him into the custody of the Sheriff of Jackson County for further proceedings in the criminal division of the circuit court of that county. All concur.